OPINION
{¶ 1} On September 3, 2002, appellee, National City Bank, filed a complaint in the Perry County Court against appellant, Denise Flagg, for monies due and owing on a credit card account.
 {¶ 2} On September 25, 2002, appellant filed a motion to dismiss pursuant to Civ.R. 12(B), claiming improper venue and lack of jurisdiction as she resided in Licking County, not Perry County.
 {¶ 3} On October 30, 2002, appellee filed a motion to transfer the case to the Licking County Municipal Court. The case was transferred on same date.
 {¶ 4} On December 23, 2002, appellee filed a motion for default judgment. On January 7, 2003, appellant filed an affidavit in opposition to default judgment, claiming she had never been served with the complaint filed in Licking County. A hearing was held on January 14, 2003. By judgment entry filed January 16, 2003, the trial court granted the motion and found in favor of appellee in the amount of $4,665.85 plus interest.
 {¶ 5} On February 3, 2003, appellant filed a motion to vacate/set aside a void judgment. By judgment entry filed March 12, 2003, the trial court denied said motion.
 {¶ 6} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 7} "THE LOWER COURT ERRED BY NOT SETTING ASIDE THE JUDGMENT."
 II {¶ 8} "THE LOWER COURT LACKED JURISDICTION."
 I, II {¶ 9} Appellant claims the trial court erred in denying her motion to vacate/set aside a void judgment made pursuant to Civ.R. 60(B). Appellant further challenges the lack of personal jurisdiction to grant the default judgment. Because both issues involve an analysis of the jurisdictional issue, we shall address them jointly.
 {¶ 10} A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217. In GTE Automatic Electric Inc. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus, the Supreme Court of Ohio held the following:
 {¶ 11} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 12} Procedurally, the record clearly indicates appellant was served with the Perry County complaint by certified mail on September 9, 2002. On September 25, 2002, appellant appeared pro se by filing a motion to dismiss for improper venue and lack of jurisdiction. This motion was timely filed and was proper under Civ.R. 12(B). Thereafter, the case was transferred by the Perry County Court on October 30, 2002, pursuant to a motion filed by appellee. The case was not docketed in the Licking County Municipal Court until November 22, 2002. The Perry County Court never ruled on appellant's Civ.R. 12(B) motion.
 {¶ 13} Ordinarily, appellant would have twenty-eight days to file an answer. Civ.R. 12(A)(1). However, pursuant to Civ.R. 12(A)(2), the service of a Civ.R. 12(B) motion alters the time as follows:
 {¶ 14} "(a) if the court denies the motion, a responsive pleading, delayed because of service of the motion, shall be served within fourteen days after notice of the court's action; (b) if the court grants the motion, a responsive pleading, delayed because of service of the motion, shall be served within fourteen days after service of the pleading which complies with the court's order."
 {¶ 15} As stated supra, the Perry County Court neither denied nor granted appellant's Civ.R. 12(B) motion. Instead, the Perry County Court transferred the case to the Licking County Municipal Court. There is no evidence in the record to demonstrate that appellant was aware of the transfer. Without a ruling on her Civ.R. 12(B) motion, appellant's running time to file her answer was never turned on.
 {¶ 16} Upon review, we conclude appellant still had the opportunity to timely answer when appellee filed its motion for default judgment on December 23, 2002. Therefore, on January 16, 2003, the matter was not ripe for default judgment and the granting of such was error.
 {¶ 17} Appellant's argument that the trial court lacked personal jurisdiction is without merit because the September 9, 2002 receipt of service is proof of service by operation of Civ.R. 3(C). The service of summons in Perry County was sufficient to vest Licking County of jurisdiction at the time of transfer.
 {¶ 18} Assignment of Error I is granted. Assignment of Error II is denied.
 {¶ 19} The judgment of the Municipal Court of Licking County, Ohio is hereby reversed and remanded.
By Farmer, J., Gwin, P.J., and Hoffman, J. concur.